UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRICK ALFRED WILLIAMS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16CV0033 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In the instant motion, movant claims that the new Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015), decided in June of 2015, should be applied to his case in order to reduce his sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA.

Williams was charged with one count of carjacking and one count of attempted carjacking, violations of 18 U.S.C. § 2119 (1994), two counts of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) (1994), and two counts of using a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c)(1) (1994), in relation to two carjacking incidents that occurred in 1995. *United States v. Williams*, 4:96CV00187 RWS (E.D.Mo. 1997). Williams's first trial ended in a hung jury, but he was retried and a second jury convicted him on all counts. The Court sentenced him to 450 months' imprisonment. The Eighth Circuit Court of Appeals affirmed his conviction on February 28, 1998. *See United States v. Williams*, 136 F.3d 547 (8th Cir. 1998).

On March 3, 2000, movant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. His motion to vacate was denied and dismissed on January 21, 2005. *Williams v. U.S.*, 4:00CV386 RWS (E.D.Mo. 2005). This Court's decision was upheld by the Eighth Circuit Court of Appeals on June 27, 2006. *See Williams v. United States*, No. 05-1582 (8th Cir. 2006).

Plaintiff filed the instant motion to vacate seeking relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), on January 8, 2016.

> Under 28 U.S.C. § 2255:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Movant submitted his successive § 2255 motion without the required certification. When a second or successive habeas petition is filed in a district court without the authorization of the court of appeals, the court should dismiss it, or, in its discretion, transfer the motion to the appellate court so long as it is in the interests of justice. *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002).

As this matter is relatively time sensitive and it appears that movant has a tenable claim for relief under *Johnson*, the Court finds that it is in the interest of justice to transfer movant's petition

to the Eighth Circuit Court of Appeals as a request to file a second or successive § 2255 motion based on *Johnson*, and its new law ruling.  See *Menteer v. United States*, No. 15-3090, 2015 WL 7783653 (8th Cir. Dec. 3, 2015).

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the Eighth Circuit Court of Appeals to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that the Clerk is directed to forward a copy of this Order to the Federal Public Defender.

Dated this 12th day of January, 2016.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE